# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01970-CJC (JDEx) | Date | February 7, 2020 |
| Title | Scott Crosby, et al. v. California Physicians' Service, etc., et al. | | |

Present: The Honorable John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None present | None present |

**Proceedings:** Order Directed to Defendants to Show Cause Why the Motion to Compel [Dkt. 105] Should Not Be Summarily Denied as Untimely

## I.
## INTRODUCTION

On February 6, 2020, Defendants California Physicians' Service dba Blue Shield of California, Magellan Health, Inc., and Human Affairs International of California ("Defendants") filed a Motion to Compel Plaintiffs Scott Crosby and Karissa Crosby to produce 67 disputed documents (Dkt. 105, "Motion"), along with an accompanying Joint Stipulation (Dkt. 106) and supporting and opposing evidence (Dkt. 106-1, 106-2). The Motion is currently set for hearing on February 27, 2020.

Defendants removed this action to this Court on November 3, 2017. Dkt. 1. On July 2, 2018, the Honorable Cormac J. Carney, United States District Judge, issued a Scheduling Order that provided, in part: "All discovery, including discovery motions, shall be completed by May 9, 2019. Discovery motions must be filed and heard prior to this date." Dkt. 57 ("Original Scheduling Order") at 1. On December 14, 2018, March 6, 2019, and August 19, 2019, pursuant to stipulations, Judge Carney issued Amended Scheduling Orders, each of which modified certain deadlines and provided, in part, "All [fact] discovery, including discovery motions to be completed by" various dates that have since passed. See Dkt. 69 and 71 (not including the word "fact"); Dkt. 75 (including the word "fact"). On September 19, 2019, again pursuant to stipulation, Judge Carney issued a fourth Amended Scheduling Order that again modified certain deadlines and provided, in part, "All fact discovery, including discovery motions to be completed by: February 5, 2020." See Dkt. 77 ("Operative Scheduling Order—Discovery Cutoff"). On November 22, 2019, Judge Carney, pursuant to an unopposed request, entered a fifth Scheduling Order, and on February 5, 2020, pursuant to a stipulation, entered a sixth Scheduling Order, neither of which purported to modify the discovery cutoff date. Dkt. 84, 104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:17-cv-01970-CJC (JDEx) | Date | February 7, 2020 |
|---|---|---|---|
| Title | Scott Crosby, et al. v. California Physicians' Service, etc., et al. | | |

Upon an initial review of the Motion, Joint Stipulation, and the evidence submitted by the parties, it appears that the Motion, filed on February 6, 2020, is untimely under the Operative Scheduling Order—Discovery Cutoff, which provides that all fact discovery, including discovery motions, are to "be completed by" February 5, 2020. In the interests of judicial economy and in preserving the parties' resources that would be expended in drafting and filing supplemental memoranda under Local Rule 37-2.3 and in attending a hearing on the Motion, for the reasons set forth below, the Court directs Defendants, as moving parties, to show cause in writing by February 10, 2020 why the Motion should not be summarily denied as untimely under the controlling scheduling order.

## II.
## RELEVANT LAW

Rule 16(b) of the Federal Rules of Civil Procedure directs district courts to enter scheduling orders that includes must "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once issued, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); see also Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing same). As the Ninth Circuit has explained,

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." [Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)]. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation . . ..

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); see also L.H. v. Schwarzenegger, 2008 WL 268983, at *6 (E.D. Cal. Jan. 29, 2008) ("Rule 16 and the court's scheduling order are not optional directives; the court is bound by them."); Tessera, Inc. v. Sony Corp., 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance.").

The Local Rules for this district provide that "[a]ny application to modify an order entered pursuant to F. R. Civ. P. 16 shall be made to the judicial officer who entered the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:17-cv-01970-CJC (JDEx) | Date | February 7, 2020 |
|---|---|---|---|
| Title | Scott Crosby, et al. v. California Physicians' Service, etc., et al. | | |

order." C.D. Cal. Local Civil Rule ("L.R.") 16-14. Accordingly, magistrate judges lack authority to issue discovery orders after the deadline set by district judges. See Watts v. Allstate Indemnity Co., 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order or to hear untimely discovery disputes); UMG Recordings, Inc. v. Disco Azteca Distribs., Inc., 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").

### III.
### DISCUSSION

As noted, in his Original Scheduling Order, Judge Carney ordered: "All discovery, including discovery motions, shall be completed by May 9, 2019. Discovery motions must be filed and heard prior to this date." Dkt. 57. Each subsequent amended scheduling order that continued the discovery cutoff similarly directed that "discovery motions[] shall be completed" by the new date. The Operative Scheduling Order—Discovery Cutoff, set that date for the completion of discovery motions as February 5, 2020.

The Original Scheduling Order, which is Judge Carney's standard Scheduling Order, made clear that "Discovery motions must be filed <u>and heard</u> by" the date set. Dkt. 57 (emphasis added). Although the amended orders do not contain the "filed and heard" language, the undersigned does not interpret the amended orders to change the original stated intent of Judge Carney's standard scheduling order requiring discovery motions be heard by the cutoff date for three reasons. First, the language in the amended scheduling orders each time repeats that discovery motions "shall be <u>completed</u>" (emphasis added) by the date set, which is consistent with a requirement that the motion be heard by the date set. Second, the amended scheduling orders themselves only purport to modify "deadlines," not any other provisions or interpretations from the Original Scheduling Order. See Dkt. 69 at 1, 71 at 1, 75 at 1, 77 at 1. Third, in each instance, the proposed versions of the amended scheduling orders were initially drafted by counsel (see Dkt. 67-2, 70-2, 72-1, 76-1, 82-1), and nothing therein indicates an intent by Judge Carney to modify the interpretation of the provisions set forth in his Original Scheduling Order. Thus, the Motion is untimely because it was not heard by February 5, 2020.

Further, even were the undersigned to find, although there is no basis to so find, that a "completed" means "filed," here, the Motion was filed on February 6, 2020—the day after the February 5, 2020 cutoff. Thus, even under an expansive reading of the Operative Scheduling Order—Discovery Cutoff, the Motion appears untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:17-cv-01970-CJC (JDEx) | Date | February 7, 2020 |
| Title | Scott Crosby, et al. v. California Physicians' Service, etc., et al. | | |

As noted, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); see also Zivkovic, 302 F.3d at 1087 Johnson, 975 F.2d at 610. A magistrate judge cannot alter a scheduling order issued by a district judge. See L.R. 16-14; Watts, 2012 WL 5289314, at *2; UMG Recordings, Inc., 2006 WL 2034689, at *3. Thus, it appears based on the current record that the Motion must be denied as untimely under the Operative Scheduling Order—Discovery Cutoff.

# IV.
# CONCLUSION

For the foregoing reasons, Defendants are ordered to show cause, in writing, by February 10, 2020 why the Motion (Dkt. 105) should not be summarily denied as untimely under the operative scheduling order issued by Judge Carney.

IT IS SO ORDERED.

Courtroom Clerk: mba